IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Louis English Fuller, ) ) Petitioner, ) ) vs. ) ) Leroy Cartlidge, Warden MCCI, ) ) Respondent. ) ) | C/A No. 0:09-1352-RBH-PJG<br><br>**ORDER** |

The petitioner, Louis English Fuller ("Fuller"), a self-represented state prisoner, filed this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. This matter is before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) DSC on Fuller's motion to stay (Docket Entry 23). The respondents filed a response in opposition to Fuller's motion. (Docket Entry 24.)

On September 10, 2009, the respondent filed a return to Fuller's Petition and a motion for summary judgment, to which Fuller responded in opposition. (Docket Entries 18, 19, & 23.) On April 20, 2010, six months after Fuller responded in opposition to summary judgment, he filed the motion to stay. In Fuller's motion, (1) he asserts that he has "filed an a successive post-conviction relief application with the state court raising grounds which were not available to him at the time of his first post-conviction hearing;" (2) he states that his "status has changed with respect to the exhaustion of state remedies;" and (3) he "argues that if he is not allowed to present the issues in his pending post-conviction relief application to the state court while he has his only opportunity, the issues will be procedurally barred from review in federal habeas corpus." (Docket Entry 23.) Fuller moves for the court to stay his case until the state court has ruled on his pending application.

The respondent opposes the motion to stay, arguing that Fuller has failed to provide information in his motion as to what new allegations he is raising and why this application would not be dismissed as time-barred and successive. The respondent states that the Office of the Attorney General has no records of a new post-conviction relief application, and that if one was filed, it would be barred as successive and untimely. For these reasons, the respondent contends that granting this motion under these circumstances would encourage delaying federal habeas corpus actions with a minimal showing. (Docket Entry 24.) Fuller did not file a reply.

Pursuant to the Supreme Court's decision in <u>Rhines v. Weber</u>, 544 U.S. 269 (2005), a federal habeas case may be stayed "where such a stay would be a proper exercise of discretion." <u>Id.</u> at 276. The <u>Rhines</u> Court held that a district court may in limited circumstances stay a habeas proceeding to exhaust all issues; however, it is "only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court." <u>Id.</u> at 277. Additionally, "even if a petitioner had good cause for that failure, the district court would abuse its discretion if it were to grant him a stay when his unexhausted claims are plainly meritless." <u>Id.</u> Fuller alleges in a conclusory fashion that the claims he seeks to "were not available to him at the time of his first post-conviction hearing." (Docket Entry 23.) He has failed to provide the court with any information as to what those claims are and why they were unavailable at the time he filed his first application. Accordingly, the court finds that Fuller has failed to present good cause for his failure to exhaust these alleged claims. It is therefore

**ORDERED** that Fuller's motion to stay is denied.

**IT IS SO ORDERED.**

_____
Paige J. Gossett
UNITED STATES MAGISTRATE JUDGE

June 4, 2010
Columbia, South Carolina