IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ROCK HILL DIVISION

| | | |
|---|---|---|
| Louis English Fuller, #253694, | ) | Civil Action No.: 0:09-cv-01352-RBH |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| Leroy Cartlidge, Warden MCCI, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

Now before the Court is Petitioner's March 28, 2013 "Motion for Relief from Judgment" filed pursuant to Rule 60(b) of the Federal Rules of Civil Procedure. ECF No. 32. This Court had previously adopted the Report and Recommendation ("R&R") issued by United States Magistrate Judge Paige J. Gossett, which recommended granting Respondent's Motion for Summary Judgment and denying Petitioner's petition brought under 28 U.S.C. § 2254. ECF Nos. 26, 29. Petitioner did not object to the Magistrate Judge's R&R, and the Court found no clear error in the recommendation. Moreover, the Court denied the issuance of a certificate of appealability to Petitioner. Petitioner now seeks relief from the Court's judgment, pointing to several errors in the Magistrate Judge's recommendation and asserting new arguments to support his § 2254 petition.[1] In part, Petitioner asserts that one of his original § 2254 claims[2] is not procedurally barred in light of the Supreme Court's recent holding in *Martinez v. Ryan*, 132 S. Ct. 1309 (2012). In a response,

---

[1] Because this Court adopted and incorporated the Magistrate Judge's R&R in its entirety, the Petitioner's alleged errors in denying his habeas petition are solely this Court's.

[2] Petitioner alleged two habeas claims in his original § 2254 petition: (1) ineffective assistance of trial counsel for failing to object to the trial court's ruling precluding him from conducting an in-court demonstration (and ineffective assistance of his appellate counsel for failing to challenge the ruling on appeal) and (2) ineffective assistance of trial counsel for failing to request a "mere presence" charge.

1

Respondent opposes Petitioner's motion.[3]  After reviewing the motion and the parties' briefs, the Court dismisses the motion in part as a successive habeas petition and denies the motion in part.

In Petitioner's own words, his three grounds for relief from judgment are as follows:

(1) Magistrate Gossett mischaracterized the facts of Petitioner's case regarding the applicable law of "mere presence;"

(2) New law, governing Procedural Default, provides basis to challenge Procedural Bar of Habeas claim;

(3) Magistrate Gossett stretched the state court record beyond its actual content by calling for a showing of "Prejudice" beyond what is required.

Because Petitioner's Rule 60(b) motion concerns this Court's denial of his habeas petition, the Court must assess the character of Petitioner's grounds in order to determine whether Petitioner's motion in fact operates as a successive petition or "application" for habeas relief rather than a Rule 60(b) motion.  A successive application must first be authorized by the Fourth Circuit. 28 U.S.C. § 2244(b)(3)(A).  "[A]n 'application' for habeas relief is a filing that contains one or more 'claims.' " *Gonzalez v. Crosby*, 545 U.S. 524, 530 (2005).  "[A] 'claim' . . . is an asserted federal basis for relief from a state court's judgment of conviction." *Id.*  "Using Rule 60(b) to present new claims . . . circumvents [the] requirement that a new claim be dismissed unless it relies on either a new rule of constitutional law or newly discovered facts," as well as "the requirement that a successive habeas petition be precertified by the court of appeals." *Id.* at 531–32.

In *Gonzalez*, the Supreme Court held that a Rule 60(b) motion can "be said to bring a 'claim' if it attacks the federal court's previous resolution of a claim on the merits." *Id.* at 532.  The Court reasoned that "alleging that the court erred in denying habeas relief on the merits is

---

[3] The Court must note that Petitioner sent it a letter indicating that he did not receive any notice pursuant to *Roseboro v. Garrison*, 523 F.3d 309 (4th Cir. 1975), regarding the consequences of failing to respond to Respondent's response.  Petitioner is reminded that *he* filed the motion now before the Court and *Roseboro* is not applicable.

2

effectively indistinguishable from alleging that the movant is, under the substantive provisions of the statutes, entitled to habeas relief." *Id.* Here, Petitioner, in his first Rule 60(b) ground for relief from judgment, argues that the Court erred in rejecting his "mere presence charge" claim. That claim was decided on the merits by the Magistrate Judge and this Court. Accordingly, Petitioner's first ground for relief from judgment must be construed as a successive claim for habeas relief and must be dismissed.

Petitioner's second and third Rule 60(b) grounds for relief from judgment present a somewhat different situation. His second ground relates to the Court's finding that his "in-court demonstration" claim for habeas relief was procedurally barred. Despite the Court's finding of procedural default, it alternatively proceeded to the merits of the claim and found habeas relief should also be denied on the merits. Thus, in his second Rule 60(b) ground for relief from judgment, Petitioner asserts that the recent *Martinez* decision provides a basis to reconsider his "in-court demonstration" claim for habeas relief. He raises his third ground in an effort to challenge, as erroneous, the Court's alternative ruling on the merits of his the "in-court demonstration" claim.[4]

Specific to his second Rule 60(b) ground for relief from judgment, Petitioner argues, in essence, that his counsel in his state post-conviction relief ("PCR") hearing was ineffective for failing to raise properly a claim of ineffective assistance of his appellate counsel. Petitioner raised the issue of the effectiveness of his appellate counsel in his initial petition, and this Court, as noted above, found the claim procedurally barred. Subsequently, the Supreme Court held in *Martinez* that

---

[4] Assuming, for the sake of argument, that Petitioner *can* show extraordinary circumstances for this Court to reconsider its procedural default ruling, he cannot get around that fact that his third Rule 60(b) ground, like his first, challenges the Court's ruling on the merits as erroneous. As such, his third ground presents a successive claim in light of *Gonzalez* and should be dismissed for the same reasons the Court dismisses his first Rule 60(b) ground. The bottom line is that any argument that this Court erred and should reconsider the merits of either of Petitioner's original § 2254 claims presents a successive claim that must be authorized by the Fourth Circuit. *See Gonzalez*, 545 U.S. 532.

3

a finding that PCR counsel was ineffective for failing to assert a claim would preclude a finding of procedural default of that claim. *Martinez*, 132 S. Ct. at 1320. Therefore, the Court must determine whether Petitioner's assertion of *Martinez* must be viewed as a successive claim or analyzed under Rule 60(b). In light of *Gonzalez*, the Court finds that Petitioner's argument does not present a successive *claim* as *Martinez* is not a substantive basis for habeas relief. For the purposes of this Court's analysis, the Court notes its previous finding of procedural default, which was not appealed by Petitioner, is the law of the case. Accordingly, the *merits* of Petitioner's "in-court demonstration" claim, although they were addressed alternatively in the order denying his habeas petition, need not be considered for the purposes of the Court's analysis. *See Gonzalez*, 545 U.S. at 538 ("A motion that . . . challenges only the District Court's failure to reach the merits does not warrant such treatment, and can therefore be ruled upon by the District Court without precertification by the Court of Appeals pursuant to § 2244(b)(3).").

In raising *Martinez*, Petitioner only seeks relief pursuant to Rule 60(b)(6) for the Federal Rules of Civil Procedure. Relief under Rule 60(b)(6), which has been described as a catch-all provision, "is warranted only upon a showing of extraordinary circumstances that create a substantial danger that the underlying judgment was unjust." *Wojcicki v. Aiken Tech. Coll.,* No. 1:06-cv-00461-MBS, 2012 WL 3596161, at *2 (D.S.C. Aug. 12, 2012) (citing *Margoles v. Johns*, 798 F.2d 1069, 1073 (7th Cir. 1986) (per curiam)). In addition to a showing of extraordinary circumstances, a party "must make a showing of timeliness, a meritorious defense, [and] a lack of unfair prejudice to the opposing party." *Werner v. Carbo*, 731 F.2d 204, 206–07 (4th Cir. 1984) (footnote omitted).

Here, the Court finds no basis to reconsider its rejection—as procedurally barred—of Petitioner's heabeas claim that the ineffective assistance of his appellate counsel in challenging the

4

trial court's ruling on his in-court demonstration entitles him to relief. The decision in *Martinez* does not give rise to the extraordinary circumstances that would justify relief from judgment under Rule 60(b)(6). To that end, the Supreme Court's decision in *Gonzalez* provides guidance. That decision, in the context of *Martinez*, was squarely addressed and summarized in a recent decision of the Eleventh Circuit as follows:

> The Supreme Court examined what effect its recent decision in *Artuz v. Bennett*, 531 U.S. 4 (2000), had on Gonzalez's Rule 60(b)(6) motion. *Gonzalez*, 545 U.S. at 536. *Artuz* concluded that a state post-conviction petition could be properly filed so as to toll [the Antiterrorism and Effective Death Penalty Act's ("AEDPA")] limitations period even when all of the claims had been procedurally defaulted. 531 U.S. at 8–9. For the purposes of its Rule 60(b)(6) analysis, the *Gonzalez* Court assumed that *Artuz* was a change in decisional law that revealed error in the district court's dismissal of Gonzalez's § 2254 petition as time-barred. *Gonzalez*, 545 U.S. at 536.
>
> Nevertheless, the Supreme Court in *Gonzalez* held that a change in decisional law—*Artuz*'s changing the interpretation of AEDPA's statute of limitations for a § 2254 petition—did not create an "extraordinary circumstance" under Rule 60(b)(6). *Id.* The Supreme Court stated that (1) the district court's judgment was correct when it was decided and (2) it was "hardly extraordinary" that "after [Gonzalez's] case was no longer pending, this Court arrived at a different interpretation" of AEDPA's statute of limitations. *Id.* The Supreme Court held that the district court correctly denied relief under Rule 60(b)(6). *Id.* at 536, 538. *Gonzalez* admonished that extraordinary circumstances warranting the reopening of a judgment "will rarely occur in the habeas context." *Id.* at 535.

*Arthur v. Thomas*, 739 F.3d 611, 632 (11th Cir. 2014). In light of *Gonzalez*, the Eleventh Circuit ultimately held that "the change in decisional law created by the *Martinez* rule does not constitute an 'extraordinary circumstance' " sufficient to invoke Rule 60(b)(6). *Id.* at 633. As the Fourth Circuit has not yet ruled specifically on the issue, this Court is persuaded by the Eleventh Circuit's decision in *Arthur*. Accordingly, Petitioner has failed to make the necessary showing under Rule 60(b)(6), and his motion must be denied. Moreover, as the Court's procedural default ruling

5

remains the law of the case, the Court need not reach Petitioner's third Rule 60(b) ground for relief from judgment, although, as noted in footnote four, the Court would lack jurisdiction over the successive habeas claim regardless.

### CERTIFICATE OF APPEALABILITY

A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When the district court denies relief on the merits, a prisoner satisfies this standard by demonstrating that reasonable jurists would find that the court's assessment of the constitutional claims is debatable or wrong. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *see Miller-El v. Cockrell*, 537 U.S. 322, 336–38 (2003). When the district court denies relief on procedural grounds, the prisoner must demonstrate *both* that the dispositive procedural ruling is debatable, and that the petition states a debatable claim of the denial of a constitutional right. *Slack*, 529 U.S. at 484–85. In the instant matter, the Court concludes that Petitioner has failed to make the requisite showing of "the denial of a constitutional right."

### CONCLUSION

**IT IS THEREFORE ORDERED** that Petitioner's "Motion for Relief from Judgment" (ECF No. 32) is **DISMISSED IN PART** and **DENIED IN PART**. The filing shall be **DISMISSED** to the extent Petitioner raises successive claims for habeas relief (ground one and, alternatively, ground three). It shall be **DENIED** to the extent the grounds are cognizable in a Rule 60(b) motion (ground two).

**IT IS FURTHER ORDERED** that a certificate of appealability is **DENIED** because the Petitioner has failed to make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

**IT IS SO ORDERED.**

                                        s/ R. Bryan Harwell
                                        R. Bryan Harwell
                                        United States District Judge

Florence, South Carolina
February 18, 2014